133 T.C. No. 4


UNITED STATES TAX COURT



ESTATE OF MARK BRANDON, DECEASED, JANET BRANDON, EXECUTRIX,
Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 7837-07L.                    Filed August 27, 2009.


        R issued D a proposed assessment regarding sec.
6672, I.R.C., trust fund recovery penalties (trust
penalties).  D filed a protest in response to R's
proposed assessment.  R and D were unable to agree on
the amount of outstanding trust penalties due, and
consequently R closed D's case.  R assessed the trust
penalties and 2 months later, D died in a motorcycle
accident.  After D's death, R issued a notice of
Federal tax lien (NFTL) relating to D's property.  E,
D's estate, received D's sec. 6320(a), I.R.C., lien
notice (lien notice).  E timely requested and received
a collection due process hearing relating to D's
outstanding trust penalties.  E contends that, as of
the date of the NFTL filing, D did not have any
property to which a lien could attach.  E further
contends that the NFTL was invalid because both the
lien notice and the NFTL were issued naming D,

individually, after his death.  R later issued a notice
of determination sustaining the NFTL.

1.  Held:  A lien in favor of the United States
attached to D's property on the date of assessment and
before D's death.

2.  Held, further, pursuant to sec. 6320(a),
I.R.C., and sec. 301.6323(f)-1(d), Proced. & Admin.
Regs., the lien notice and the NFTL issued solely to D
are valid.

3.  Held, further, there was no abuse of discretion in
sustaining the lien.


N. Dean Hawkins, for petitioner.

Adam Flick, for respondent.


OPINION


FOLEY, Judge:  The issue for decision is whether there was
an abuse of discretion in sustaining a notice of Federal tax lien
(NFTL) relating to 2003 trust fund recovery penalties (trust
penalties) assessed against Mark Brandon (Mr. Brandon).  The
parties submitted this case fully stipulated pursuant to Rule
122.[1]

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code of 1986, as amended, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

## Background

On August 9, 2004, respondent issued Mr. Brandon a proposed assessment regarding section 6672 trust penalties of $22,768 and $20,540, relating to the periods ending September 30 and December 31, 2003, respectively.  On October 6, 2004, Mr. Brandon filed a protest in response to the proposed assessment.  Because no agreement was reached as to the amount of Mr. Brandon's trust penalties, the case was closed as an unagreed case on January 31, 2006.  On February 27, 2006, respondent assessed the aforementioned trust penalties.

Mr. Brandon died in a motorcycle accident on April 27, 2006. In his will Mr. Brandon appointed his wife, Janet Brandon (executrix), as the executrix.  Mr. Brandon, the executrix, and the Estate of Mark Brandon (estate) shared the same Carrollton, Texas, address.  In a faxed letter dated October 20, 2006, petitioner's counsel informed Revenue Officer Jonathan Daniel (Mr. Daniel) of Mr. Brandon's death.

On November 2, 2006, Mr. Daniel issued Mr. Brandon a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (lien notice), relating to the unpaid trust penalties.  The next day, November 3, 2006, Mr. Daniel recorded, with the clerk of Denton County, Texas, Form 668(Y)(c), Notice of Federal Tax Lien, relating to Mr. Brandon's property.

After receiving the lien notice, on November 15, 2006, the estate timely submitted Form 12153, Request for a Collection Due Process Hearing, in which the validity of the NFTL was disputed.

On January 22, 2007, Appeals officer Christopher Darling (Mr. Darling) conducted a telephonic hearing regarding the NFTL. During the hearing, the estate challenged the NFTL's validity and asserted that Mr. Daniel erred by naming "Mark Brandon", who had died several months earlier, on both Letter 3172 and Form 668(Y)(c).  Mr. Darling, on March 7, 2007, issued a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, sustaining the NFTL and concluding that there was "no valid reason to release or withdraw the Notice of Federal Tax Lien."

On April 5, 2007, the executrix, a resident of Carrollton, Texas, filed a petition with this Court seeking review of respondent's determination.  At the time of his death, Mr. Brandon also was a resident of Carrollton, Texas.

<u>Discussion</u>

The proposed assessment offered Mr. Brandon a prior opportunity to challenge the trust penalties, and the estate does not dispute the underlying trust penalties.  See sec. 301.6320-1(e)(3), Q&A-E2, Proced. & Admin. Regs.  Thus, we review the administrative determination for abuse of discretion and will

sustain the determination unless it is arbitrary, capricious, clearly unlawful, or without sound basis in law or fact. Giamelli v. Commissioner, 129 T.C. 107, 111 (2007); Goza v. Commissioner, 114 T.C. 176, 182 (2000); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

The estate contends that as of April 27, 2006, Mr. Brandon's date of death, the title to all Mr. Brandon's property "passed to the devisees or legatees of the estate of Mark Brandon, the estate of Mark Brandon, or the executor of the estate of Mark Brandon [and] therefore, the NFTL is invalid." The estate further contends that Mr. Brandon "had no property interest when the NFTL was issued on November 2, 2006" to which any lien could attach. Respondent contends that the lien attached to Mr. Brandon's property on February 27, 2006, the date of assessment. Respondent further contends that the attachment occurred before Mr. Brandon's death and that the lien remained attached even after his death. We agree with respondent.

Pursuant to section 6321, there shall be a lien in favor of the United States upon all property and rights to property belonging to any person liable to pay any tax if that person neglects or refuses to pay the tax after demand. The lien arises at the time the assessment is made and continues until the liability is satisfied or becomes unenforceable by reason of

lapse of time. Sec. 6322. Thus, when respondent, on February 27, 2006, issued the trust penalty assessment, a United States lien attached to all of Mr. Brandon's property. Further, the estate has failed to establish that the trust penalties were satisfied or became unenforceable due to lapse of time.

After a lien attaches to property, it remains attached and is not invalidated by a transfer of the property. See United States v. Bess, 357 U.S. 51, 57 (1958) (holding that the transfer of property after attachment of a lien does not invalidate the lien); Burton v. Smith, 38 U.S. 464, 483 (1839). Therefore, Mr. Brandon's death, which occurred 2 months after the lien attached to his property, does not adversely affect the validity of the NFTL.

The estate also contends that the lien notice and the NFTL named "Mark Brandon, individually, rather than * * * devisees or legatees of the estate of Mark Brandon, the estate of Mark Brandon, or the executor of the estate of Mark Brandon" and that sustaining the NFTL was an abuse of discretion. Respondent contends that the appropriate name is on the NFTL and thus, the NFTL is valid.

Section 6320(a) requires the Secretary to give the taxpayer written notice of the NFTL not more than 5 business days after

the day of the NFTL filing.  The lien notice is intended to inform the taxpayer of the right to a fair hearing relating to the NFTL.  See sec. 6320(a)(3)(B), and (b).  The person entitled to notice is the "taxpayer", who is defined by section 301.6320-1(a)(2), Q&A-A1, Proced. & Admin. Regs., as the person who is named on the NFTL, is liable to pay the tax due after notice and demand, and has refused or neglected to pay the tax due.  Thus, Mr. Brandon is the taxpayer, and therefore, a lien notice issued solely in his name is valid.  Pursuant to section 6320(a)(2)(C), the lien notice must be sent to the taxpayer's last known address.  Mr. Daniel timely sent such notice to Mr. Brandon's last known address.  Because the estate and executrix share Mr. Brandon's address, the estate received the lien notice and the intent of section 6320(a) was fulfilled.

The validity and priority of the NFTL is not conditioned on the taxpayer receiving a lien notice pursuant to section 6320. See sec. 301.6320-1(a)(2), Q&A-A12, Proced. & Admin. Regs.  An NFTL is valid if it is filed on Form 668 (Notice of Federal Tax Lien Under Internal Revenue Laws) and includes the identity of the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose.  See sec. 6323(f)(3); sec. 301.6323(f)-1(d), Proced. & Admin. Regs.  If these requirements are met, the NFTL is valid notwithstanding any other provision of

law regarding the form or content of a notice of lien.  Sec. 301.6323(f)-1(d), Proced. & Admin. Regs.  On November 3, 2006, Mr. Daniel filed Form 668(Y)(c), Notice of Federal Tax Lien.  The form identified that Mr. Brandon was the taxpayer, that section 6672 trust penalties gave rise to the NFTL, and that the tax was assessed on February 27, 2006.  Mr. Daniel complied with the terms of section 6323(f)(3) and the underlying regulations, thus, the NFTL is valid.

In sum, Mr. Daniel sent, to the correct address, a lien notice that complied with section 6320(a) and filed a valid NFTL that complied with section 6323(f)(3).  We recognize that the plain language of the statutes and regulations, to which we are bound, does not provide a special rule to account for the death of the taxpayer.  We note, however, that the intent of section 6320 was fulfilled because the estate received notice, made a timely request for, and received, a hearing relating to the NFTL. We sustain respondent's determination.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered
for respondent.