T.C. Memo. 2013-44

UNITED STATES TAX COURT

RICHARD BRIAN FRIEDMAN AND SANDRA M. FRIEDMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 26095-11L.                    Filed February 11, 2013.

Richard Brian Friedman and Sandra M. Friedman, pro sese.

<u>Mimi M. Wong</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

KERRIGAN, <u>Judge</u>:  The petition in this case was filed in response to a
Notice of Determination Concerning Collection Actions(s) under Section 6320
and/or 6330 (notice of determination) dated October 14, 2011.  We must decide
whether respondent's determination to proceed with collection action regarding
petitioners' unpaid income tax liability for tax year 2008 was proper.

**[\*2]**   Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

Petitioners resided in Connecticut when the petition was filed.

On October 8, 2009, petitioners timely filed with extension a Form 1040, U.S. Individual Income Tax Return, for tax year 2008, reporting an income tax liability of $82,230.  Petitioners did not make the required estimated tax payments and did not make any payment with their return, resulting in an underpayment of tax. Respondent assessed the unpaid tax plus a penalty and interest for tax year 2008. On August 4, 2010, respondent sent petitioners a Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to Hearing, advising petitioners that they could request a hearing.

On August 26, 2010, respondent received timely from petitioners a Form 12153, Request for a Collection Due Process or Equivalent Hearing.  Petitioners indicated on this form that they were interested in an installment agreement as a collection alternative.  On their Form 12153 petitioners requested a hearing "to explore paying via an offer in compromise because of 2008-2010 extraordinary medical-related expenses and substantial loss of income between December 1,

**[*3]** 2008 and January 2, 2010." On April 5, 2011, the settlement officer sent petitioners a letter scheduling a telephone hearing for May 10, 2011, and explaining what information was needed before they could be considered for an installment agreement. Respondent requested a Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals; a signed Form 1040 for 2010; an application fee or fee waiver for a proposed offer-in-compromise; and a downpayment for a proposed installment agreement by April 19, 2011.

On May 10, 2011, the settlement officer sent petitioners a letter granting their oral request to delay the hearing until May 26, 2011. Respondent delayed the deadline for requested documents until May 24, 2011. Petitioners requested a face-to-face collection due process (CDP) hearing. Respondent reassigned the case, and a different settlement officer reviewed the case. On May 18, 2011, the Appeals Office received petitioners' Form 433-A. Petitioners' combined income had been consistently over $300,000 per year.

On June 20, 2011, the settlement officer sent petitioners a letter verifying that a face-to-face CDP hearing was scheduled for July 13, 2011. The letter also requested the following documentation within 14 days: (1) proof of estimated tax payments for tax year 2011; (2) a copy of petitioners' latest home mortgage

[*4] statement; (3) a legible page 4 of the Form 433-A; (4) a copy of their life insurance premium statement; (5) verification of health insurance premium payments and outstanding medical bills; and (6) verification of child care expenses paid of $3,000 per month. On June 29, 2011, petitioner husband called the settlement officer to reschedule the face-to-face CDP hearing. On June 30, 2011, the settlement officer sent petitioners a letter rescheduling the face-to-face CDP hearing to August 17, 2011. On July 13, 2011, petitioners sent a letter confirming the hearing and included an updated Form 433-A, an employment letter agreement for petitioner husband, and an email explaining petitioners' medical benefits. On July 28, 2011, petitioners sent the settlement officer information about their life insurance policies.

On August 17, 2011, the face-to-face CDP hearing was held. Petitioner husband proposed that the Government delay the collection of the 2008 tax liability until February 2012 because he would receive a bonus at that time. The settlement officer explained that he could not accept that offer because petitioners were not in compliance with their 2010 and 2011 tax payment obligations. Petitioner husband explained that he had financial hardships. The settlement officer responded that petitioners did not have a financial hardship per Internal

[*5] Revenue Service (IRS) standards and provided petitioners with a copy of the national and local standard for expenses.

On October 14, 2011, the settlement officer sent petitioners the notice of determination sustaining the proposed levy action and denying petitioners' request to delay collection action until February 2012. The settlement officer denied the request because the required estimated tax payments had not been made for 2010 and 2011 and because petitioners did not meet the financial hardship guidelines. In the notice of determination the settlement officer verified that all requirements of applicable law and administrative procedure had been met. The settlement officer also determined that the collection action balanced the need for the efficient collection of unpaid taxes with the legitimate concern that such actions be no more intrusive than necessary.

On November 14, 2011, petitioners filed a petition with this Court. Petitioners contend petitioner husband will receive a bonus in February of 2012 and actions taken by respondent may jeopardize his job. Petitioners did not raise the issue of the penalty in the petition.

OPINION

Where the validity of the underlying tax liability is properly at issue, we review the determination de novo. Sego v. Commissioner, 114 T.C. 604, 610

**[*6]** (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000). Petitioners have the burden of proof regarding their underlying tax liability. <u>See</u> Rule 142(a).

A taxpayer may not challenge an underlying tax liability during a CDP hearing unless the taxpayer did not receive a statutory notice of deficiency for the liability or did not otherwise have the opportunity to dispute the liability. Sec. 6330(c)(2)(B); <u>see also</u> <u>Montgomery v. Commissioner</u>, 122 T.C. 1, 9 (2004). The Court considers an underlying tax liability on review only if the taxpayer properly raised the issue during the CDP hearing. Sec. 301.6330-1(f), Q&A-F3, Proced. & Admin. Regs.; <u>see also</u> <u>Giamelli v. Commissioner</u>, 129 T.C. 107, 115 (2007) (holding that the Court does not have jurisdiction to consider section 6330(c)(2) issues that were not raised before the Appeals Office).

Petitioners raised concerns about the penalty at trial. Petitioners did not dispute the underlying deficiency or interest accrued. Petitioners failed to raise this issue during their CDP hearing. During the hearing petitioners wanted to know how the penalty was assessed; they did not question the amount of the penalty assessed or the underlying liability. Petitioners' underlying liability is not properly before the Court. <u>Cf.</u> <u>Mattina v. Commissioner</u>, T.C. Memo. 2010-127 (barring a taxpayer from asking Court to make determination regarding his underlying tax liability because the taxpayer "failed to raise arguments and

**[\*7]** provide evidence regarding his tax liability at the hearing level"). Petitioners likewise failed to raise the penalty in their petition. Accordingly, it is deemed conceded. See Rule 34(b)(4) ("Any issue not raised in the assignments of error shall be deemed conceded.").

Where the validity of the underlying tax liability is not properly at issue, we review the determination for abuse of discretion. Sego v. Commissioner, 114 T.C. at 610; Goza v. Commissioner, 114 T.C. at 182. An abuse of discretion occurs if the Appeals Office exercises its discretion "arbitrarily, capriciously, or without sound basis in fact or law." Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Section 6330(c)(3) requires the settlement officer to consider the following during a CDP hearing: (1) whether the requirements of any applicable law or administrative procedure have been met; (2) any issues appropriately raised by the taxpayer; and (3) whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. See also Lunsford v. Commissioner, 117 T.C. 183, 184 (2001). We note that the settlement officer properly based his determination on the factors specified by section 6330(c)(3).

Petitioners requested that collection action be delayed until February 2012 when petitioner husband would receive a bonus pursuant to his employment

[*8] contract. Respondent contends that it was not an abuse of discretion to deny petitioners' request to delay the collection.

A settlement officer may refuse a taxpayer's collection alternative if the taxpayer has a history of noncompliance and is not in compliance with current tax obligations. Giamelli v. Commissioner, 129 T.C. at 111-112; Balsamo v. Commissioner, T.C. Memo. 2012-109. Estimated tax payments ensure that current taxes are paid. The IRS' goal is to reduce and ultimately eliminate the entire debt, which can be done only if current taxes are paid while old debts are retired. Orum v. Commissioner, 412 F.3d 819, 821 (7th Cir. 2005), aff'g 123 T.C. 1 (2004). Even though petitioners contend that they were in compliance with their tax obligations until 2008, petitioners failed to make estimated tax payments for tax years 2010 and 2011. The settlement officer did not abuse his discretion by refusing petitioners' collection alternative. Section 6159 authorizes the Commissioner to enter into installment agreements with taxpayers to satisfy their liabilities if the Commissioner determines that such agreements will facilitate the collection of the liabilities. The Internal Revenue Manual (IRM) and sections 301.6159-1, 301.6320-1, and 301.6330-1, Proced. & Admin. Regs., establish the IRS procedures for determining whether an installment agreement will facilitate the collection of a liability. See Etkin v. Commissioner, T.C. Memo. 2005-245.

[*9] According to the IRM a taxpayer's ability to pay is determined by comparing monthly income to allowable expenses. A settlement officer may accept, at a minimum, a monthly payment equal to the excess of a taxpayer's monthly income over the taxpayer's allowable expenses. See Lites v. Commissioner, T.C. Memo. 2005-206; see also IRM pt. 5.14.1.4 (Sept. 26, 2008) (discussing other installment agreement acceptance factors considered).

Generally, it is not an abuse of discretion to deny a taxpayer's request for a delay in collection where the taxpayer has sufficient assets to pay the liability. See Curran v. Commissioner, T.C. Memo. 2012-234; Foley v. Commissioner, T.C. Memo. 2007-242. Even when the taxpayer lacks disposable income but possesses sufficient assets that can be liquidated to pay the tax liability, the settlement officer's denial of delayed collection is not an abuse of discretion. See Fangonilo v. Commissioner, T.C. Memo. 2008-75.

Petitioners had substantial income. The settlement officer estimated that petitioners had a monthly disposable income of $12,422. The settlement officer used local and national standards to calculate petitioners' allowable expenses and found that petitioners could pay per application of the local and national standards. Settlement officers may deviate from local and national standards when taxpayers demonstrate with reasonable substantiation and documentation that they would not

[*10] have adequate means to provide for their basic living expenses. See Marascalco v. Commissioner, T.C. Memo. 2010-130, aff'd, 420 Fed. Appx. 423 (5th Cir. 2011). Even taking into account petitioners' costly and one-time unexpected medical expenses, the settlement officer properly determined that petitioners had adequate means to provide for their basic living expenses given their substantial income. We hold that the settlement officer did not abuse his discretion by adhering to local and national standards even if it forces petitioners to change their lifestyle. See Perrin v. Commissioner, T.C. Memo. 2012-22 (citing Speltz v. Commissioner, 124 T.C. 165, 179 (2005), aff'd, 454 F.3d 782 (8th Cir. 2006)); Marks v. Commissioner, T.C. Memo. 2008-226.

Petitioners contend that payment should be delayed because of their medical expenses and because of petitioner husband's projected future income as made evident by his employment contract. The settlement officer did not abuse his discretion by rejecting petitioners' request to delay payment of their tax liability until some indefinite future date when petitioner's net asset value is increased. See Foley v. Commissioner, T.C. Memo. 2007-242; Clawson v. Commissioner, T.C. Memo. 2004-106.

We conclude that respondent's determination to proceed with collection was not an abuse of discretion. The proposed collection action is sustained.

- 11 -

**[*11]** To reflect the foregoing,

<u>Decision will be entered for</u>

<u>respondent</u>.