T.C. Memo. 2015-216

UNITED STATES TAX COURT

MICCOSUKEE TRIBE OF INDIANS OF FLORIDA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 20785-13L.                    Filed November 4, 2015.

<u>William B. McCarthy</u>, for petitioner.

<u>Brandon S. Cline</u> and <u>Kenneth Allan Hochman</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

NEGA, <u>Judge</u>:  The Internal Revenue Service (IRS) Appeals Office sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 (notice of determination) with respect to notices of Federal tax lien (NFTLs) and a notice of intent to levy filed to collect petitioner's

**[*2]** unpaid tax liabilities for tax years ended December 31, 2000 through 2005.[1]

The sole issue for decision is whether the Appeals Office abused its discretion by sustaining the lien and levy actions for these years. We hold that it did not.

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner is a federally recognized Indian tribe whose principal office is in Florida. Respondent assessed civil penalties under sections 6721(e) and 6722 and liabilities reported on Form 945, Annual Return of Withheld Federal Income Tax, for petitioner's tax years ended December 31, 2000 through 2005.

On April 23, 2013, respondent mailed two Letters 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (notices of lien filing), to petitioner. The first notice of lien filing covered Form 945 liabilities for tax years ended December 31, 2000 through 2002, and civil penalties under sections 6721(e) and 6722 for tax years ended December 31, 2000 through 2005. The first notice of lien filing listed the "Kind[s] of Tax" at issue with their corresponding "Unpaid Balance[s] of Assessment". Spaces for "6721E" taxes,

_____

[1]All section references are to the Internal Revenue Code (Code) in effect at all relevant times.

[*3] under their corresponding "Unpaid Balance[s] of Assessment" were left blank. The second notice of lien filing covered Form 945 liabilities for tax years ended December 31, 2003 through 2005. Both notices of lien filing indicated that the NFTLs were filed on April 23, 2013, and gave petitioner until May 30, 2013, to request a collection due process (CDP) hearing. That same day respondent mailed Letter 1058, Final Notice of Intent to Levy and Notice of Your Right to a Hearing (notice of intent to levy), to petitioner with respect to the same civil penalties and Form 945 liabilities.

Respondent filed the NFTLs on April 26, 2013, at their respective filing locations. The NFTLs that covered "6721E" taxes had blanks under "Unpaid Balance[s] of Assessment" like the first notice of lien filing.

Petitioner timely mailed Forms 12153, Request for a Collection Due Process or Equivalent Hearing (CDP requests), in response to the notices of lien filing and the notice of intent to levy. In the CDP requests petitioner asked for an installment agreement and withdrawal of the liens, challenged the underlying liabilities, and asserted that the liens and the levy were premature and counterproductive and may negatively affect petitioner's ability to obtain financing. Petitioner also attached a document to the CDP request in response to the notices of lien filing outlining what it believed to be errors in the notices of

[*4] lien filing and the NFTLs. Specifically, petitioner indicated that the notices of lien filing and the NFTLs had zero balances for the "6721E" "Kind of Tax" and that the notices of lien filing had an incorrect date of filing for the NFTLs.

Petitioner's CDP requests were assigned to a settlement officer (SO) with no prior involvement with the liabilities at issue. On June 25 and July 2, 2013, the SO mailed letters to petitioner scheduling a telephone conference for July 30, 2013, to discuss the proposed levy and liens, respectively. The letters also outlined conference procedures and requested specific financial documentation (e.g., loan documents, bank statements, bills, depreciation schedules, etc. for the last three months), to be submitted timely. The letters expressly stated that the SO could not consider collection alternatives without the requested documentation. Petitioner did not provide any of the requested documents.

On July 30, 2013, the SO held a telephone conference with petitioner's attorney. During the telephone conference petitioner's attorney raised only the issue of petitioner's underlying liabilities. Petitioner's attorney also acknowledged that he did not have any financial information to provide. He did not address the issue of the discrepancies on the notices of lien filing and the NFTLs during the conference.

**[*5]** On August 7, 2013, the Appeals Office issued the notice of determination sustaining the lien and levy actions for petitioner's liabilities for tax years ended December 31, 2000 through 2005. The notice determined that petitioner had not provided the financial information necessary to properly evaluate its request for an installment agreement.

On September 6, 2013, petitioner filed its petition in this Court. In the petition, petitioner argued that the SO abused her discretion by determining that petitioner could not challenge the underlying liabilities in the CDP hearing. Petitioner also argued that respondent did not comply with the requirements for filing the NFTLs and issuing the notices of lien filing and the notice of intent to levy. Petitioner believed that the SO incorrectly determined that the collection actions were no more intrusive than necessary.

On March 19, 2014, respondent filed a motion for summary judgment. On May 5, 2014, the Court granted respondent's motion for summary judgment in part, precluding petitioner from raising its underlying liabilities in this proceeding.

On February 10, 2015, a trial was held in this case in Miami, Florida.

OPINION

Where the underlying tax liability is not in issue, we review the determination of the Appeals Office for abuse of discretion. See Sego v.

[*6] Commissioner, 114 T.C. 604, 610 (2000). In reviewing for abuse of discretion, generally we consider only arguments, issues, and other matters that were raised at the section 6330 hearing or otherwise communicated to the Appeals Office. Magana v. Commissioner, 118 T.C. 488, 493 (2002); see also sec. 301.6330-1(f)(2), Q&A-F3, Proced. & Admin. Regs. We will reject the determination of the Appeals Office only if the determination was arbitrary, capricious, or without sound basis in fact or law. See Murphy v. Commissioner, 125 T.C. 301, 320 (2005), aff'd, 469 F.3d 27 (1st Cir. 2006); Freije v. Commissioner, 125 T.C. 14, 23 (2005). The Court determined that petitioner's underlying liabilities are not properly at issue. Consequently, we review the determination of the Appeals Office solely for abuse of discretion.

When a taxpayer requests a hearing, the Appeals Office must verify that all legal and procedural requirements have been met with respect to an NFTL filing and/or a proposed levy. Secs. 6320(c), 6330(c)(1). The Appeals officer must also determine whether the proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection action be no more intrusive than necessary. Secs. 6320(c), 6330(c)(3). Finally, the Appeals Office must consider any issues raised by the taxpayer at the hearing, including appropriate spousal defenses, challenges to the appropriateness

**[\*7]** of collection actions, and offers of collection alternatives such as an installment agreement. Secs. 6320(c), 6330(c)(2) and (3). Sustaining an NFTL filing or a proposed levy without proper verification renders the Appeals Office's determination an abuse of discretion. Freije v. Commissioner, 125 T.C. at 36.

Petitioner argues that while the date inconsistencies on the Notices of Lien Filing themselves constitute harmless error, these inconsistencies paired with the zero amounts for the "6721E" "Kind of Tax" on both the notices of lien filing and the NFTLs necessitate revised notices of lien filing and NFTLs. Essentially, petitioner argues that in the decision to sustain the proposed collection activities the SO abused her discretion by failing to consider these inconsistencies in both documents. Petitioner requests that we remand the case to the Appeals Office for a further hearing to fix these issues. Alternatively, petitioner argues in its CDP requests for withdrawal of the liens.

Pursuant to section 6321, the Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal taxes upon demand for payment and failure to pay. See Iannone v. Commissioner, 122 T.C. 287, 293 (2004). The lien arises automatically on the date of assessment and persists until the tax liability is satisfied or becomes unenforceable by reason of lapse of time. Sec. 6322; Iannone v. Commissioner,

[*8] 122 T.C. at 293.  The purpose of filing an NFTL is to protect the

Government's interest in a taxpayer's property against the claims of other

creditors.  Berkery v. Commissioner, T.C. Memo. 2011-57.  Filing an NFTL

validates the Government's lien against a subsequent purchaser, holder of a

security interest, mechanic's lienor, or judgment lien creditor.  See sec. 6323(a);

Lindsay v. Commissioner, T.C. Memo. 2001-285, aff'd, 56 F. App'x 800 (9th Cir.

2003); Stein v. Commissioner, T.C. Memo. 2004-124.

If the Commissioner chooses to file an NFTL, he must provide the taxpayer

with written notice not more than five business days after the filing.  Sec. 6320(a).

The notice of lien filing is intended to inform the taxpayer of the right to a fair

hearing relating to the NFTL.  See sec. 6320(a)(3)(B), (b).  Section 6320(a)(3)

provides that such notification shall inform the person in simple and nontechnical

terms of (1) the amount of the unpaid tax, (2) the right of the person to request a

hearing before an impartial officer of the Appeals Office, (3) the administrative

appeals available to the taxpayer, and (4) the provisions relating to the release of

liens on property.

We have previously held that when the Secretary sends a notice of lien

filing to a taxpayer before the NFTL is actually recorded and the taxpayer timely

requests a CDP hearing in response to the notice, the variance between the dates

**[*9]** constitutes at most harmless error. See Graham v. Commissioner, T.C. Memo. 2008-129; Golub v. Commissioner, T.C. Memo. 2008-122. In fact, the earlier notice may even benefit the taxpayer because it affords the taxpayer a longer period in which to request a hearing. See Golub v. Commissioner, T.C. Memo. 2008-122. Petitioner was not adversely affected by the zero balances for section 6721(e) penalties on the notices of lien filing because the unpaid balances for this type of penalty were included in the overall outstanding liability. Minor defects may be overlooked where the taxpayer knows of and pursues the right to administrative and judicial review. Gilmer v. Commissioner, T.C. Memo. 2009-296 (difference between outstanding balance shown on notice of lien filing and taxpayer's actual outstanding liability was not significant enough to invalidate NFTL); Cyman v. Commissioner, T.C. Memo. 2009-144, slip op. at 5 n.5 (incorrect assessment dates on notice of lien filing did not invalidate NFTL).

At trial the SO testified that on the basis of her 20 years of experience at the IRS, she believed that the notices of lien filing and the NFTLs were correct. She testified that the automated lien system, upon which both documents were generated, aggregated the amounts of the section 6721(e) and 6722 civil penalties together on the lines for section 6722 penalties, rather than breaking them down separately by Code section. Therefore, she believed the total amounts of the

[*10] unpaid tax liabilities on both documents were correct although there were zero balances for 6721E "Kind[s] of Tax". She testified that if there was no penalty due, it would not be on a notice of lien filing or an NFTL.

A senior revenue officer for respondent also testified. The revenue officer was responsible for monitoring the case while it was in the Appeals Office and the IRS counsel's office. He testified that the automated lien system generally aggregates the balances due from the civil penalty assessments when they are for the same tax period. Since there were section 6721(e) and section 6722 civil penalty assessments for tax years ended December 31, 2000 through 2005, the revenue officer believed that both penalties were aggregated and reflected under the section 6722 "Kind of Tax" for each tax period.

Although the zero balances for section 6721(e) penalties on the notices of lien filing are ambiguous, the notices taken as a whole meet the requirements of section 6320(a)(3). That is, they correctly identify the total amount of unpaid tax, they inform petitioner of the right to request a hearing before an impartial officer of the Appeals Office, they inform petitioner of available administrative appeals, and they identify the provisions relating to the release of liens on property. Consequently, they are not deficient in any legal respects. Furthermore, a remand to the Appeals Office for a further hearing on this issue is not "necessary" and

**[*11]** would not be "productive". See Perkins v. Commissioner, 129 T.C. 58, 71 (2007); Lunsford v. Commissioner, 117 T.C. 183, 189 (2001).

The validity and priority of the NFTL is not conditioned on the taxpayer's receiving a lien notice pursuant to section 6320. See sec. 301.6320-1(a)(2), Q&A-A12, Proced. & Admin. Regs. An NFTL is valid if it is filed on Form 668, Notice of Federal Tax Lien Under Internal Revenue Laws, and includes the identity of the taxpayer, the tax liability giving rise to the lien, and the date the assessment arose. See sec. 6323(f)(3); sec. 301.6323(f)-1(d), Proced. & Admin. Regs. If these requirements are met, the NFTL is valid notwithstanding any other provision of law regarding the form or content of a notice of lien, including State law. Sec. 301.6323(f)-1(d), Proced. & Admin. Regs. Here, the NFTLs identified petitioner as the taxpayer, the sections 6721(e) and 6722 civil penalties and Form 945 liabilities that gave rise to the NFTLs, and the respective dates of assessment. Respondent complied with the terms of section 6323(f)(3) and the underlying regulations; thus, the NFTLs are valid. Furthermore, the NFTLs served their proper function because they put other creditors on notice regarding the Government's lien.

[*12] Consequently, we find that the ambiguities in the notices of lien filing and the NFTLs constitute at most harmless error.[2]  Therefore, the SO did not abuse her discretion in failing to consider them.

In its CDP requests petitioner also requested withdrawal of the NFTLs. Pursuant to section 6323(j), an NFTL may be withdrawn without full payment and without prejudice under the following conditions:  (1) the filing of the NFTL was premature or otherwise not in accordance with administrative procedures of the IRS; (2) the taxpayer had entered into an installment agreement under section 6159 to satisfy the tax liability for which the NFTL was imposed by means of installment payments, unless such agreement provides otherwise; (3) withdrawal of the NFTL will facilitate collection of the tax liability; or (4) with the consent of the taxpayer or the National Taxpayer Advocate (NTA), the withdrawal of such notice would be in the best interests of the taxpayer (determined by the NTA or the taxpayer) and the United States.  See Skidmore v. Commissioner, T.C. Memo. 2012-328; sec. 301.6323(j)-1, Proced. & Admin. Regs.  Even when the taxpayer has shown that the withdrawal of the NFTL will facilitate collection of the tax

_____

[2]We do not find that respondent's automated lien system properly aggregated balances due for secs. 6721(e) and 6722 civil penalty assessments for similar tax periods on the notices of lien filing and the NFTLs.  We simply hold that this method of reporting multiple civil penalty assessments is not detrimental to the validity of the notices of lien filing and the NFTLs.

**[*13]** liability, withdrawal of the NFTL is permissive, not mandatory. Sec. 6323(j); Berkery v. Commissioner, T.C. Memo. 2011-57.

As discussed above, we hold that the filing of the NFTLs was in accordance with IRS administrative procedures. Furthermore, petitioner has provided no evidence that withdrawing the lien will facilitate payment of its tax liability. Therefore, petitioner fails to meet the first and third conditions for withdrawal. See sec. 6323(j); sec. 301.6323(j)-1(b), Proced. & Admin. Regs. The other two conditions for withdrawal are plainly not satisfied in this case. Therefore, we decline to discuss them. The record amply supports respondent's contention that the NFTLs are necessary to protect respondent's interests in petitioner's property. See Hughes v. Commissioner, T.C. Memo. 2011-294. Consequently, we reject petitioner's argument regarding withdrawal of the NFTLs.

It is clear from our review of the record that the SO verified that the requirements of applicable law and administrative procedure were followed and that in sustaining the filing of the NFTLs and the proposed levy the SO properly balanced "the need for the efficient collection of taxes with the legitimate concern of * * * [petitioner] that any collection action be no more intrusive than necessary." See sec. 6330(c)(3). Petitioner did not raise any valid challenge to the appropriateness of the NFTL filings and the proposed levy. Furthermore,

[*14] petitioner did not submit the financial information necessary for the SO to consider an installment agreement. There is no abuse of discretion when a settlement officer declines to consider collection alternatives under these circumstances. See Giamelli v. Commissioner, 129 T.C. 107, 115-116 (2007); Tucker v. Commissioner, T.C. Memo. 2014-103; Taylor v. Commissioner, T.C. Memo. 2009-27; see also sec. 301.6330-1(e)(1), Proced. & Admin. Regs. ("Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing."). Therefore, we hold that the SO's determination to sustain the filing of the NFTLs and proceed with the proposed levy was not an abuse of discretion.

We have considered the other arguments of the parties, and to the extent not discussed above, find those arguments to be irrelevant, moot, or without merit.

To reflect the foregoing,

Decision will be entered

for respondent.