T.C. Memo. 2007-67


UNITED STATES TAX COURT


JAMES J. AND VERONICA L. CRISAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 15942-05L.                Filed March 22, 2007.


James J. Crisan, pro se.

<u>Denise A. Diloreto</u>, for respondent.


MEMORANDUM OPINION


HAINES, <u>Judge</u>:  Petitioners filed a petition with this Court
in response to a Notice of Determination Concerning Collection
Action(s) Under Section 6320 and/or 6330 (notice of
determination) for 2001 and 2002 (years at issue).[1]  Pursuant to

---

[1]Unless otherwise indicated, all section references are to
(continued...)

section 6330(d), petitioners seek review of respondent's determination. The issue for decision is whether respondent abused his discretion by sustaining the filing of a Federal tax lien.

## Background

The parties submitted this case fully stipulated pursuant to Rule 122. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioners resided in Warren, Ohio, when they filed their petition.

Petitioners filed their Forms 1040, U.S. Individual Income Tax Return, for 2001 and 2002 on October 20 and December 1, 2003, respectively, and the amounts reported as due for those years were assessed. A notice and demand for payment was mailed to petitioners within 60 days of each assessment as required under section 6303.

On November 4, 2004, Letter 1058, Final Notice of Intent to Levy and Your Right to a Hearing (notice of levy), was mailed to petitioners with respect to the years at issue. The notice of levy indicated that a Federal tax lien could be filed at any time. Petitioners acknowledged receipt of the notice of levy on November 23, 2004, but failed to request a hearing.

---

[1](...continued)
the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure. Amounts are rounded to the nearest dollar.

In late January 2005, the Government levied against the wages of James J. Crisan (petitioner). Petitioner immediately contacted respondent's Collection Division (Collections) and began discussing payment options to satisfy the tax liabilities for the years at issue. Collections released the levy against petitioner's wages and informed him that no collection action would be taken if he and his wife continued to work towards a payment arrangement. Collections gave petitioners until February 21, 2005, to submit financial information and arrange an installment agreement.

February 21, 2005, was a Federal holiday. It was not until February 23, 2005, that petitioner was able to reach Collections by telephone to discuss the terms of an installment agreement. The installment agreement between petitioners and respondent became effective March 21, 2005. In accordance with the agreement, petitioner made an initial payment of $5,000 on March 30, 2005, and was to make monthly payments of varying amounts until the liability was paid in full.

On March 2, 2005, respondent mailed each petitioner a Notice of Federal Tax Lien Filing and Notice of Your Right to a Hearing Under IRC 6320 (notice of Federal tax lien), with respect to the years at issue. The notice of Federal tax lien advised petitioners of an April 7, 2005, deadline to file a request for a

hearing.  The notice of Federal tax lien was recorded on March 7, 2005, with the Recorder of Trumbull County in Warren, Ohio.

On April 4, 2005, petitioners submitted Form 12153, Request for a Collection Due Process Hearing, in which they claimed the notice of Federal tax lien should not have been filed because of representations made by Collections personnel that no further collection action would take place while they were negotiating an installment agreement.  Petitioners also claimed that the notice of Federal tax lien would impair their credit, making it impossible to obtain financing.

On July 13, 2005, a hearing was held by telephone between petitioner and Settlement Officer Marlene M. Okajima-Garcia (Ms. Okajima-Garcia), who had earlier mailed petitioners a letter which listed the statutory requirements to obtain a withdrawal of a notice of Federal tax lien pursuant to section 6323(j).  During the hearing, petitioner argued that the Federal tax lien was filed prematurely at the time he was negotiating an installment agreement with Collections and, because petitioners entered into an installment agreement, the notice of Federal tax lien should be withdrawn.

On July 22, 2005, respondent's Appeals Office issued petitioners the notice of determination sustaining the filing of the notice of Federal tax lien and finding that none of the statutory requirements for withdrawal pursuant to section 6323(j)

had been met.  In response to the notice of determination, petitioners timely mailed their petition to this Court on August 22, 2005, and it was filed on August 29, 2005.  See sec. 6330(d)(1); sec. 301.6330-1(f), Proced. & Admin. Regs.

OPINION

I.   Standard of Review

Because the underlying tax liability is not at issue, this Court's review under section 6330 is for abuse of discretion. See Sego v. Commissioner, 114 T.C. 604, 610 (2000); Goza v. Commissioner, 114 T.C. 176, 182 (2000).  This standard requires the Court to decide whether respondent's rejection of petitioner's request to have the Federal tax lien withdrawn was arbitrary, capricious, or without sound basis in fact or law. See Woodral v. Commissioner, 112 T.C. 19, 23 (1999); Keller v. Commissioner, T.C. Memo. 2006-166; Fowler v. Commissioner, T.C. Memo. 2004-163.

II.   Withdrawal of Notice of Federal Tax Lien

The Federal Government obtains a lien against "all property and rights to property, whether real or personal" of any person liable for Federal taxes upon demand for payment and failure to pay.  Sec. 6321; Iannone v. Commissioner, 122 T.C. 287, 293 (2004).  The lien arises automatically on the date of assessment and continues until the tax liability is satisfied or the statute of limitations bars enforcement of the lien.  Sec. 6322; Iannone

v. Commissioner, supra at 293.  The notice of Federal tax lien is filed with the appropriate State office or other government office in order to validate the lien against any purchaser, holder of a security interest, mechanic's lienor, or judgment lien creditor.  See sec. 6323(a); Lindsay v. Commissioner, T.C. Memo. 2001-285, affd. 56 Fed. Appx. 800 (9th Cir. 2003).

Section 6323(j)(1) provides in pertinent part:

> SEC. 6323(j).  Withdrawal of Notice in Certain Circumstances.--
>
> > (1) In general.--The Secretary may withdraw a notice of a lien filed under this section * * * if the Secretary determines that--
> >
> > > (A) the filing of such notice was premature or otherwise not in accordance with administrative procedures of the Secretary,
> > >
> > > (B) the taxpayer has entered into an agreement under section 6159 to satisfy the tax liability for which the lien was imposed by means of installment payments, unless such agreement provides otherwise,
> > >
> > > (C) the withdrawal of such notice will facilitate the collection of the tax liability, or
> > >
> > > (D) with the consent of the taxpayer or the National Taxpayer Advocate, the withdrawal of such notice would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States.

Petitioners contend the Appeals officer, Ms. Okajima-Garcia, abused her discretion by failing to withdraw the notice of Federal tax lien (1) under section 6323(j)(1)(A) because the

filing of the notice was premature; (2) under section 6323(j)(1)(B) because it was filed after an installment agreement had been agreed to; and (3) under section 6323(j)(1)(D) because it serves no useful purpose other than to damage petitioners' credit rating.

The notice of Federal tax lien was not filed prematurely. Income tax liabilities were assessed against petitioners for the years at issue on October 20 and December 1, 2003, respectively. A notice and demand for payment was mailed to petitioners within 60 days of each assessment date. See sec. 6303. Respondent issued a notice of levy on November 4, 2004, to which petitioners did not respond. A notice of Federal tax lien filing was mailed to petitioners on March 2, 2005, and the lien was recorded on March 7, 2005. Filing of the Federal tax lien took place after assessment and notice and demand, and at each step petitioners were properly notified.

Entering into an installment agreement does not preclude the filing of a Federal tax lien, nor is the Commissioner required to withdraw a Federal tax lien after an installment agreement has become effective. See Ramirez v. Commissioner, T.C. Memo. 2005-179; Stein v. Commissioner, T.C. Memo. 2004-124. Section 6323(j)(1) is permissive. The Commissioner "may" withdraw a Federal tax lien pursuant to section 6323(j)(1), but respondent's

failure to do so in this case is not an abuse of discretion. Ramirez v. Commissioner, supra; Stein v. Commissioner, supra.

Petitioners did not produce any evidence to support their contention that the filing of the notice of Federal tax lien would impair their ability to pay their outstanding liabilities. On the basis of the facts presented, this Court holds that respondent did not abuse his discretion in sustaining the filing of the notice of Federal tax lien.

In reaching these holdings, the Court has considered all arguments made and, to the extent not mentioned, concludes that they are moot, irrelevant, or without merit.

To reflect the foregoing,

Decision will be
entered for respondent.