# United States Tax Court

T.C. Memo. 2025-56

JOANNE A. HORSHAM,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

—————

Docket No. 14030-23L.                                    Filed June 4, 2025.

—————

Joanne A. Horsham, pro se.

*Mimi M. Wong* and *Sharmila J. Porter*, for respondent.

## MEMORANDUM OPINION

LAUBER, *Judge*: In this collection due process (CDP) case petitioner seeks review pursuant to sections 6320(c) and 6330(d)(1)[1] of the determination by the Internal Revenue Service (IRS or respondent) to sustain a Notice of Federal Tax Lien (NFTL) filing. The notice relates to petitioner's unpaid tax liabilities for 2017–2019. Respondent has filed a Motion for Summary Judgment contending that this determination did not constitute an abuse of discretion. We agree and accordingly will grant the Motion.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the *Code of Federal Regulations*, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*2]                              *Background*

The following facts are drawn from the Pleadings, the parties' Motion papers, respondent's Declaration with attached Exhibits, and the certified Administrative Record of the CDP proceeding.  *See* Rule 121(c).  Petitioner resided in New York when she timely petitioned this Court.

I.    *Petitioner's Tax Liabilities*

Petitioner did not file a timely Federal income tax return for 2017.  On May 29, 2019, she filed a delinquent return for that year but did not pay in full the tax shown as due.  She filed timely returns for 2018 and 2019 but again failed to pay the full amounts of tax due.  The IRS timely assessed the tax liabilities reported on the returns, plus additions to tax and interest.

On February 22, 2022, in an effort to address these unpaid liabilities, petitioner submitted to the IRS an offer-in-compromise (OIC) accompanied by Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals.  On December 14, 2022, petitioner spoke by phone with the offer specialist from the OIC unit who was reviewing her offer.  He indicated that he would recommend rejection of her offer because the information on her Form 433–A showed that she could fully pay the tax owed.  The offer specialist explained that petitioner could "withdraw her offer, waiving her appeal rights, and apply for an installment agreement."  In that event, petitioner was informed that "liens would be filed on all offer year[s]."

On February 21, 2023, petitioner told the offer specialist that she wished to withdraw the OIC, waive her appeal rights, and apply for an installment agreement (IA).  Petitioner formally withdrew her OIC on March 9, 2023.  The offer specialist recommended that NFTLs be filed for all three years.

On March 23, 2023, the IRS prepared Form 668(Y)(c), Notice of Federal Tax Lien, for tax years 2017, 2018, and 2019.[2]  That same day petitioner submitted an IA proposing payments of $737 per month to discharge her tax liabilities for all open years.  The IRS accepted her

---

[2] On March 15, 2024, respondent filed a Motion to Dismiss on Ground of Mootness as to Tax Year 2017 and attached thereto a copy of petitioner's 2017 IRS account transcript.  The account transcript showed a zero balance for 2017.  By Order served March 18, 2024, we dismissed this case as moot insofar as it relates to 2017.

[*3] proposal and established a direct debit installment agreement (DDIA).

On March 30, 2023, the IRS mailed petitioner a standard letter confirming acceptance of the IA. This letter advised (among other things) that, if petitioner defaulted on the IA, the IRS "could take enforcement action [which] could include filing a Notice of Federal Tax Lien." The IRS employee who issued that letter was apparently unaware that the OIC unit had already made the decision to file an NFTL for 2017–2019 and had informed petitioner of that fact.

On April 4, 2023, the IRS filed the NFTL and sent petitioner a Letter 3172, Final Notice of Federal Tax Lien Filing and Your Right to a Hearing (lien notice). The lien notice attached a copy of the NFTL and explained that the lien "attaches to all property you currently own and to all property you may acquire in the future."

II.    *Collection Due Process Proceeding*

Petitioner timely submitted Form 12153, Request for a Collection Due Process or Equivalent Hearing, checking the boxes for "withdrawal" of the lien and "Installment Agreement." She explained that an "Installment Agreement was agreed to on March 23, 2023," with payments to begin via direct debit on May 15, 2023.

On May 25, 2023, Appeals assigned the case to Settlement Officer (SO) Mack. She verified that petitioner's tax liabilities for 2017–2019 had been properly assessed and that all applicable legal and administrative requirements had been satisfied. SO Mack noted that petitioner's outstanding tax liability was roughly $42,000 at that time.

On June 27, 2023, SO Mack sent petitioner a letter scheduling a teleconference for July 20, 2023. During the conference petitioner stated that, when she entered into the IA, she was told that an NFTL would not be filed because "she owed less than $50,000." SO Mack explained that the employee who assisted her with the IA was unaware that the NFTL filing had already been requested. The OIC case history, she explained, showed that the offer specialist who handled her OIC had recommended the filing of the NFTL and had informed petitioner that "liens would be filed on all offer year[s]." Petitioner replied that she did not remember having been told that.

SO Mack asked petitioner whether the existence of the NFTL had any adverse impact on her employment. Petitioner replied that she

[*4] worked for a bank and did not believe there would be any adverse impact. But she did not want to confirm this with her employer because she was reluctant to call attention to her outstanding tax liability.

Petitioner provided no information tending to show that the NFTL filing would have any adverse effect on her financial situation. On the basis of the information provided, SO Mack advised her that the "[l]ien filing would be upheld." On August 2, 2023, Appeals issued a Notice of Determination sustaining the NFTL filing and reinstating the DDIA, which had been suspended during the pendency of the CDP hearing. The Notice explained that petitioner "did not provide any evidence during the hearing" to support withdrawal.

On September 1, 2023, petitioner timely petitioned this Court, contending that SO Mack abused her discretion by sustaining the NFTL filing. Petitioner alleged that the offer specialist who reviewed her OIC "did not mention that a lien would be placed" following her withdrawal of the OIC. Rather, petitioner cited the statement of the IRS employee who handled the DDIA that, because the amount owed "was below $50,000 and [she had] arranged for a direct debit, [she] would not have a lien" filed against her.

On March 18, 2024, respondent filed a Motion to Remand the case to Appeals for a supplemental hearing. The premise for the remand was that the administrative file did not include copies of the IRS transcripts upon which SO Mack had relied in verifying that the applicable legal requirements had been met. By Order served March 20, 2024, we granted respondent's Motion and remanded the case to Appeals.

Petitioner's case was again assigned to SO Mack. She noted in her case activity record that the transcripts of petitioner's account had been retrieved and been included in the administrative file. During the supplemental hearing held on May 14, 2024, petitioner reiterated, without success, the arguments she had previously advanced about withdrawal of the NFTL. She also requested abatement of the additions to tax for 2017, but SO Mack explained that they had already been abated.

SO Mack told petitioner that she could request withdrawal of the NFTL once she had paid her account balance down to $25,000. Petitioner mentioned the possibility of reducing her monthly payment below $737, which would have required her to submit updated financial information on Form 433–A. She ultimately decided to keep the original

[*5] payment amount intact so she could satisfy the liability as quickly as possible.

On August 19, 2024, Appeals issued petitioner a supplemental Notice of Determination that sustained the NFTL. The Notice explained that petitioner "did not provide any information that would indicate that [she qualified] for withdrawal." The Notice confirmed that petitioner's DDIA had been reinstated with monthly payments of $737.

After the case was returned to this Court, respondent filed a Motion for Summary Judgment, contending that the SO's determination was not an abuse of discretion. Respondent included with the Motion a Declaration that attached the 2017–2019 account transcripts that were missing from the original administrative record. The transcripts show that petitioner has faithfully made monthly payments of $737 since May 2023 and that her aggregate balance due as of January 16, 2025, was less than $32,000.

On March 7, 2025, petitioner timely responded to the Motion. Her response did not allege that the NFTL filing had adversely affected her employment or financial situation. But she represented that she was providing monetary assistance to family members in ill health and asked the Court "to forgive my remaining liability—in whole or even in part."

*Discussion*

I.    *Summary Judgment Standard*

The purpose of summary judgment is to expedite litigation and avoid unnecessary and time-consuming trials. *FPL Grp., Inc. & Subs. v. Commissioner*, 116 T.C. 73, 74 (2001). We may grant summary judgment when there is no genuine dispute as to any material fact and a decision may be rendered as a matter of law. Rule 121(a)(2); *Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994). In deciding whether to grant summary judgment, we construe factual materials and inferences drawn from them in the light most favorable to the nonmoving party. *Sundstrand Corp.*, 98 T.C. at 520. However, the party opposing summary judgment may not rely merely on allegations or denials in the pleadings but must set forth specific facts to show that there exists a genuine dispute of material fact. Rule 121(d); *see Berkery v. Commissioner*, T.C. Memo. 2011-57, 101 T.C.M. (CCH) 1258, 1259.

**[\*6]** II.    *Standard of Review*

Neither section 6320(c) nor section 6330(d)(1) prescribes the standard of review that this Court should apply in reviewing an IRS administrative determination in a CDP case.  The general parameters for such review are marked out by our precedents.  Where (as here) the taxpayer's underlying liability is not in dispute, we review the IRS's determination for abuse of discretion only.  *Jones v. Commissioner*, 338 F.3d 463, 466 (5th Cir. 2003) (per curiam); *Goza v. Commissioner*, 114 T.C. 176, 182 (2000).  Abuse of discretion exists when a determination is arbitrary, capricious, or without sound basis in fact or law.  *See Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006).  We do not substitute our judgment for that of the SO as to whether an NFTL filing should be withdrawn. *See Berkery*, 101 T.C.M. (CCH) at 1259 (citing *Murphy*, 125 T.C. at 320).

III.    *Abuse of Discretion*

In deciding whether the SO abused her discretion, we consider whether she (1) properly verified that the requirements of applicable law or administrative procedure were met, (2) considered relevant issues petitioner raised, and (3) considered "whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of [petitioner] that any collection action be no more intrusive than necessary."  *See* § 6330(c)(3); *see also* § 6320(c).  Our review of the record establishes that the SO properly discharged all of her responsibilities under these provisions.

Petitioner contends that SO Mack abused her discretion in declining to withdraw the NFTL.  Section 6323(j) authorizes the IRS to withdraw a lien if (1) "the filing of such notice was premature or otherwise not in accordance with administrative procedures," (2) the taxpayer has entered into an IA that renders the NFTL unnecessary, (3) withdrawal of the NFTL "will facilitate the collection of the tax liability," or (4) withdrawal of the lien "would be in the best interests of the taxpayer (as determined by the National Taxpayer Advocate) and the United States." § 6323(j)(1).

Petitioner urges the second ground for withdrawal, noting that she has executed an IA calling for payments of $737 a month.  She asserts that she was informed that an NFTL would not be filed because she had entered into an IA and her outstanding tax liability was less than $50,000.

**[\*7]**   Although we sympathize with petitioner's position, we are unable to accept her argument.  The record shows that she was informed in December 2022 that "[l]iens would be filed on all offer years if the [OIC was] not accepted."  But she still decided to withdraw the OIC and pursue an IA in February 2023.  We accept petitioner's statement that the IRS employee who assisted her with the IA told her that an NFTL would not be necessary.  But that person apparently did not know that the OIC unit had already requested that an NFTL be filed.[3]

The statute provides that "[t]he Secretary *may withdraw* a notice of a lien filed under this section" if he makes certain determinations, including a determination regarding an IA.  § 6323(j)(1) (emphasis added).  As we have often noted, this provision by its terms is discretionary, and "nothing in it requires [the Commissioner] to withdraw the NFTL because of [an] installment agreement."  *Berkery*, 101 T.C.M. (CCH) at 1260; Treas. Reg. § 301.6323(j)-1(c) ("If the Commissioner determines conditions for withdrawal [of an NFTL] are present, the Commissioner may (but is not required to) authorize the withdrawal.").  The "implementation of an installment agreement [does] not preclude the Commissioner from filing an NFTL, nor [is] the Commissioner required to withdraw the NFTL after the installment agreement bec[omes] effective."  *Berkery*, 101 T.C.M. (CCH) at 1260; *see Crisan v. Commissioner*, T.C. Memo. 2007-67, 93 T.C.M. (CCH) 1032, 1034.

Petitioner also appears to urge the third ground specified in the statute, which permits the Secretary to withdraw an NFTL if he determines that withdrawal "will facilitate the collection of the tax liability." § 6321(j)(1)(C).  To qualify on this ground the taxpayer must supply the SO with evidence that the NFTL adversely affects her ability to pay the tax liabilities. *Kelly v. Commissioner*, T.C. Memo. 2022-73, 124 T.C.M. (CCH) 26, 30.

During both the initial and the supplemental hearings, the SO asked petitioner whether the NFTL had any adverse effect on her employment or financial situation.  On neither occasion did petitioner supply any evidence of such harm.  In her Petition she asserts that the

---

[3] In her Response to the Motion petitioner urges that "the left hand of the IRS did not know what the right hand was doing."  The communication problem may have arisen because the Form 668(Y)(c) was prepared on March 23, 2023, the same day that petitioner submitted her IA.  The SO noted in her case activity record that the call site employee with whom petitioner spoke "could not see [the NFTL request] at that time" because that employee "does not have access to the system that the offer examiner works on."

[*8] NFTL is preventing her from "applying for any kind of consolidation loan that might allow [her] to pay off this tax liability early." She also expresses concern that the NFTL will affect her current or future employment. But SO Mack's case activity record contains no suggestion that petitioner supplied any evidence during the CDP hearing to support these concerns.

Finding no abuse of discretion in any respect, we will grant respondent's Motion for Summary Judgment and sustain the NFTL filing. If petitioner's financial circumstances have meaningfully changed since the supplemental Notice of Determination was issued, she is free to submit to the IRS a new proposal for a collection alternative. We also note SO Mack's observation that petitioner may apply to have the NFTL withdrawn once she has paid down her tax liability to $25,000. *See* Form 12277, Application for Withdrawal of Filed Form 668(Y), Notice of Federal Tax Lien. It appears that her outstanding liability as of January 16, 2025, was slightly below $32,000. If she has continued to make the $737 monthly payments specified in the DDIA, her liability could be reduced below $25,000 before the end of this year.

To reflect the foregoing,

*An appropriate order and decision will be entered.*