# United States Tax Court

T.C. Memo. 2025-98

GREGORY BOWLER,
Petitioner

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

_____

Docket No. 17704-23L.                    Filed September 30, 2025.

_____

*Chris J. Sheldon*, *Jason M. Silver*, *Shad M. Brown*, and *Ric D. Hulshoff*, for petitioner.

*Vanessa A. Johnson* and *Derek S. Pratt*, for respondent.


## MEMORANDUM OPINION

ARBEIT, *Judge*: This collection due process (CDP) case is before the Court on respondent's Motion for Partial Summary Judgment pursuant to Rule 121[1] (respondent's Motion). At issue for decision is whether the settlement officer abused his discretion in denying the proposed collection alternative (a partial-pay installment agreement of $5,000 a month) and sustaining the filing of a federal tax lien.[2] Because petitioner was neither in compliance with his estimated tax obligations nor entitled to his proposed collection alternative, we will grant

___

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, regulation references are to the Code of Federal Regulations, Title 26 (Treas. Reg.), in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded to the nearest dollar.

[2] The only other issue is whether petitioner is entitled to the abatement of certain additions to tax.

[*2] respondent's Motion and affirm the settlement officer's determination to sustain the filing of the lien.

*Background*

The following facts are derived from the parties' pleadings and Motion papers, including associated filings. *See* Rules 93, 121(c). The facts are stated solely for the purpose of ruling on respondent's Motion and not as findings of fact in this case. *See Sundstrand Corp. v. Commissioner*, 98 T.C. 518, 520 (1992), *aff'd*, 17 F.3d 965 (7th Cir. 1994).

When he filed the Petition, petitioner resided in Arizona. Absent stipulation to the contrary, appeal of this case would lie to the U.S. Court of Appeals for the Ninth Circuit. § 7482(b)(1)(G) and (2).

On October 11, 2018, petitioner timely filed his individual income tax return for taxable year 2017 with a balance due. On February 3, 2021, petitioner filed his individual income tax returns for 2015, 2016, 2018, and 2019, all long past their due dates and all with balances due. Because petitioner failed to pay the amounts reported on his returns and because he filed all but one of the five returns late, respondent assessed additions to tax pursuant to sections 6651(a)(1) and (2) and 6654. Notice and demand was issued within 60 days of assessment. When petitioner failed to pay, respondent mailed a Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a Hearing, notifying petitioner of the filing of a lien against his property with respect to unpaid individual income tax of more than $800,000 and of his right to appeal the filing.

Petitioner (through his representative, Mr. Sheldon) appealed the lien filing. On Form 12153, Request for a Collection Due Process or Equivalent Hearing, petitioner checked boxes requesting an installment agreement, offer in compromise, currently-not-collectible status, and lien withdrawal.

Petitioner's request was assigned to Settlement Officer Steven DeSantis (SO DeSantis). SO DeSantis verified that the Internal Revenue Service (IRS) complied with all applicable law and administrative procedures before filing the lien. For example, SO DeSantis confirmed that he had no prior involvement with petitioner in either the IRS Independent Office of Appeals (Appeals) or any other IRS office for the types of taxes and tax years at issue. He also confirmed that the assessed balances were from Forms 1040, U.S. Individual Income Tax Return, filed by petitioner for the five tax years, a notice

[*3] and demand for payment was properly mailed to petitioner, and there was a balance due for each tax year when respondent filed the lien.

In October 2022 SO DeSantis sent a letter to petitioner, with a copy to Mr. Sheldon, scheduling a CDP hearing. The letter asked petitioner to provide among other things (1) a completed Form 433–A, Collection Information Statement for Wage Earners and Self-Employed Individuals, with the three most recent monthly statements for all bank accounts and substantiation for all income and expenses reported on the Form 433–A; and (2) proof that petitioner was current with estimated tax payments for 2022.

The CDP hearing was held on December 8, 2022. At the hearing, Mr. Sheldon stated that the only relief petitioner was pursuing was penalty abatement and a partial-pay installment agreement: Petitioner was no longer pursuing an offer in compromise, currently-not-collectible status, or lien withdrawal. SO DeSantis asked for documentation of petitioner's current compliance with any required estimated tax payments. None was provided.

In February 2023 Mr. Sheldon proposed a partial-pay installment agreement of $5,000 a month. SO DeSantis reminded Mr. Sheldon that to be eligible for any collection alternative petitioner would need to be in compliance with estimated tax payments.

An IRS review of petitioner's income and allowable expenses determined that petitioner could pay $12,769 a month. The IRS also identified three assets (disputed assets) that petitioner could sell to help satisfy his liabilities: (1) a single-family home in Maricopa County, Arizona; (2) a 2016 trailer; and (3) a 2004 boat trailer.[3]

Mr. Sheldon raised a few objections to the IRS review. With respect to the disputed assets, Mr. Sheldon stated that petitioner had never owned the identified home in Maricopa County, did not own the 2016 trailer, and had long since sold the boat.[4]

Mr. Sheldon also stated that petitioner was entitled to a greater allowance for expenses. First, because petitioner lived with his wife and

---

[3] The IRS calculated petitioner's ability to pay before identifying the disputed assets. The IRS calculated a gross monthly income of $27,399, within $1,000 of the $26,446 that petitioner reported on his Form 433–A as the total wage income of petitioner and his wife.

[4] And, we assume, the boat trailer.

[*4] her mother, Mr. Sheldon requested that petitioner be allowed expenses for a three-person household. To determine the percentage of household expenses that petitioner himself paid, SO DeSantis requested the following documentation: with respect to petitioner's wife, current paystubs or a 2022 Form W–2, Wage and Tax Statement;[5] and with respect to petitioner's mother-in-law, current benefits statements.[6] Petitioner did not provide any documentation.

Second, Mr. Sheldon requested that petitioner be allowed greater housing and utility expenses. Other than an expired lease, however, petitioner did not provide any documentation.

Third, Mr. Sheldon requested that petitioner be granted an allowance of $2,700 a month to pay outstanding bills from the Arizona Department of Revenue. SO DeSantis asked for documentation that all payments had been made in 2023, which petitioner did provide.

Fourth, Mr. Sheldon requested that petitioner be granted an allowance for legal fees of $1,000 a month. SO DeSantis said that legal fees for representation before the IRS could be considered but that $1,000 a month was exorbitant.

SO DeSantis then recomputed petitioner's ability to pay, allowing additional monthly expenses. Although under IRS guidelines the monthly amount payable in delinquent state taxes was $216, SO DeSantis allowed the full monthly payment of $2,700. SO DeSantis allowed $500 for legal fees. With those two adjustments, SO DeSantis computed that petitioner had a monthly ability to pay of $10,264. At that time petitioner had still failed to make any estimated tax payments for 2022 or 2023.

Based on his computations, SO DeSantis offered petitioner a partial-pay installment agreement of $10,264 a month, which petitioner rejected. Mr. Sheldon argued that petitioner's income was declining, providing an email from the chief financial officer of petitioner's company that one of petitioner's paychecks was going to be withheld because the company's revenue that month had not hit its "breakeven" point. SO DeSantis determined that the email was not enough to justify

---

[5] Petitioner's Form 433–A included wage income for his wife, a public school teacher.

[6] The record does not indicate whether petitioner's mother-in-law was entitled to any benefits. Petitioner, however, does not dispute that she was.

**[\*5]** further reducing the amount of any installment agreement. Mr. Sheldon then asked SO DeSantis to issue a Notice of Determination.

On October 23, 2023, Appeals issued a Notice of Determination denying the proposed collection alternative and sustaining the filing of the lien. On November 9, 2023, petitioner filed the Petition, arguing that SO DeSantis abused his discretion by denying petitioner's claimed expenses and his proposed partial-pay installment agreement of $5,000 a month.

*Discussion*

I.   *General Principles*

Summary judgment may be granted where there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Rule 121(a)(2); *see also Sundstrand Corp.*, 98 T.C. at 520. Facts are viewed in the light most favorable to the nonmoving party. *Dahlstrom v. Commissioner*, 85 T.C. 812, 821 (1985). The nonmoving party may not rest on mere allegations or denials but rather must respond, setting forth specific facts and supporting those facts as required by our Rules, to show that there is a genuine dispute for trial. Rule 121(d); *see Sundstrand Corp.*, 98 T.C. at 520.

The Court has jurisdiction to review a settlement officer's determination. *See* §§ 6320(c), 6330(d)(1). When the taxpayer's underlying tax liability is not properly before the Court, judicial review of a determination is for abuse of discretion. *See Keller v. Commissioner*, 568 F.3d 710, 716 (9th Cir. 2009) ("Like the Tax Court, our review of the decision by the Commissioner whether to accept [a collection alternative] is for an abuse of discretion."), *aff'g in part* T.C. Memo. 2006-166, *and aff'g in part, vacating in part* decisions in related cases; *Goza v. Commissioner*, 114 T.C. 176, 182 (2000). Review under this standard is deferential because an abuse of discretion exists only where the determination is "arbitrary, capricious, or without sound basis in fact or law." *Giamelli v. Commissioner*, 129 T.C. 107, 111 (2007). The scope of our review is limited to the administrative record. *See Keller v. Commissioner*, 568 F.3d at 718 (adopting *Robinette v. Commissioner*, 439 F.3d 455 (8th Cir. 2006), *rev'g* 123 T.C. 85 (2004)).[7]

---

[7] In *Robinette*, 123 T.C. at 95, we held that "when reviewing for abuse of discretion under section 6330(d), we are not limited by the Administrative Procedure

**[\*6] II.**     *Abuse of Discretion*

In making a determination, a settlement officer must follow the statutory requirements. *See, e.g.*, *Chavis v. Commissioner*, 158 T.C. 175, 182 (2022). A settlement officer must (a) verify that the requirements of applicable law and administrative procedure have been met, (b) consider the issues raised by the taxpayer (such as collection alternatives), and (c) consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection be no more intrusive than necessary. *See* §§ 6320(c), 6330(c)(3). We do not substitute our judgment for that of the settlement officer and do not decide independently whether we believe a federal tax lien should be withdrawn. *See Berkery v. Commissioner*, T.C. Memo. 2011-57, slip op. at 7 (citing *Murphy v. Commissioner*, 125 T.C. 301, 320 (2005), *aff'd*, 469 F.3d 27 (1st Cir. 2006)).

A.     *Requirements of Applicable Law*

Petitioner states in his Petition that "[SO DeSantis] abused his discretion in verifying the requirements of any applicable law or administrative procedure were met." Petitioner does not allege—and the record does not indicate—that any particular requirement of applicable law or administrative procedure was not met. Indeed the record reflects a thorough review. For example SO DeSantis confirmed that he had no prior involvement with petitioner in either Appeals or any other IRS office for the types of taxes and tax years at issue. He also confirmed that the assessed balances were from Forms 1040 that petitioner filed for the five tax years, a notice and demand for payment was properly mailed to petitioner, and there was a balance due for each tax year when respondent filed the lien. In verifying that the requirements of applicable law and administrative procedure were met, SO DeSantis did not abuse his discretion. *See Hillman v. Commissioner*, T.C. Memo. 2025-84, at \*8 (finding the taxpayer's specific yet meritless challenge to the verification requirement "not credibly challeng[ing] any aspect of [the settlement officer's] verification that all legal and administrative

---

Act . . . and our review is not limited to the administrative record." The Court of Appeals for the Ninth Circuit, however, has concluded that, when we review for abuse of discretion in a collection case, the record rule applies. *See Keller v. Commissioner*, 568 F.3d at 718. Because appeal in this case evidently lies in the Ninth Circuit, *see* § 7482(b)(1)(G), we follow that court's opinion, *see Golsen v. Commissioner*, 54 T.C. 742, 756–57 (1970), *aff'd*, 445 F.2d 985 (10th Cir. 1971); *Smith v. Commissioner*, T.C. Memo. 2021-29, at \*20 n.4, *aff'd*, No. 22-70051, 2023 WL 4418215 (9th Cir. July 10, 2023).

[*7] requirements were met" and concluding no abuse of discretion occurred as to the verification requirement).

      B.    *Issues Raised*

Petitioner requested a partial-pay installment agreement of $5,000 a month. His request was based on his assertion that he had more expenses and less income than SO DeSantis treated him as having. Because petitioner was not current with estimated tax payments and failed to substantiate his claimed income and expenses, SO DeSantis did not abuse his discretion in denying the proposed installment agreement.[8]

The record reflects that petitioner, notwithstanding his assertion to the contrary, was not in compliance with his estimated tax obligations in 2022 or 2023 at the time the lien was filed. We have consistently ruled that that failure alone is grounds for denying a proposed installment agreement. *See Giamelli*, 129 T.C. at 111–12; *Schwartz v. Commissioner*, T.C. Memo. 2025-64, at *6; *Hartmann v. Commissioner*, T.C. Memo. 2024-46, at *16, *aff'd per curiam*, No. 24-2289, 2025 WL 213765 (3d Cir. Jan. 16, 2025).

Our review of any alleged abuse of discretion could stop here. *See Schwartz*, T.C. Memo. 2025-64, at *6; *Hartmann*, T.C. Memo. 2024-46, at *16. Nonetheless we will address petitioner's substantive arguments, which are without merit.

Petitioner argues that respondent erroneously denied his claimed expenses.[9] A deviation from IRS guidelines generally is proper only when the taxpayer provides reasonable substantiation of expenses

---

[8] Petitioner also argues in his Petition that he is entitled to lien withdrawal and currently-not-collectible status. However, because Mr. Sheldon stated at the CDP hearing that petitioner was no longer pursuing either form of relief, petitioner did not properly raise those issues in the CDP hearing. *See* Treas. Reg. § 301.6330-1(f)(2), Q&A-F3; *see also Giamelli*, 129 T.C. at 115 ("We hold today that we do not have authority to consider section 6330(c)(2) issues that were not raised before the Appeals Office."); *Mongogna v. Commissioner*, T.C. Memo. 2025-89, at *11 ("[B]ecause neither an offer-in-compromise nor currently not collectible status was properly raised at the CDP hearing, we need not review them."). Thus, neither issue is properly before the Court.

[9] Petitioner also argues that respondent "erroneously attributed assets to Petitioner as a basis for denial of the requested [installment agreement]." Nothing in the Notice of Determination, however, indicates that the denial of the proposed installment agreement was based on proceeds from a sale of any of the disputed assets.

[*8] exceeding the standard amount. *See, e.g.*, Internal Revenue Manual (IRM) 5.15.1.2(14) (Nov. 22, 2021). However, the record reflects that petitioner failed to substantiate his claimed expenses. Petitioner argued for using allowable expenses for a three-person household to account for his mother-in-law and for a greater allowance for housing and utility expenses. When petitioner failed to present adequate documentation (providing only an expired lease), SO DeSantis declined to make any adjustment.[10]

SO DeSantis also declined to make an adjustment when petitioner argued that his income was falling and in support provided only an email. *See* Treas. Reg. § 301.6330-1(e)(1) ("Taxpayers will be expected to provide all relevant information requested by Appeals, including financial statements, for its consideration of the facts and issues involved in the hearing."); *see also Chavis*, 158 T.C. at 186 (finding that the settlement officer did not abuse her discretion by neglecting to consider evidence the taxpayer did not submit). In following IRS guidelines when he declined petitioner's requests for relief SO DeSantis did not abuse his discretion. *See Thompson v. Commissioner*, 140 T.C. 173, 189 (2013) (holding that Appeals did not abuse its discretion in following IRS guidelines to set terms of partial-pay installment agreement).

C.    *Balancing*

In the Notice of Determination SO DeSantis concluded that denying the proposed installment agreement and sustaining the filing of the lien balanced the need for the efficient collection of taxes with petitioner's legitimate concern that any collection action be no more intrusive than necessary. *See generally* §§ 6320(c), 6330(c)(3)(C). There is no basis in the record for questioning his conclusion.

---

[10] SO DeSantis, however, did allow claimed expenses for which petitioner provided documentation; he even provided more relief than necessary. For example, with respect to the delinquent state taxes, petitioner provided documentation, in response to which SO DeSantis allowed the full monthly payment for delinquent state taxes of $2,700, far more than the $216 allowable under IRS guidelines. *See* IRM 5.15.1.11(4) (Nov. 22, 2021).

**[\*9]** III.    *Conclusion*

Finding no abuse of discretion, we will grant respondent's Motion for Partial Summary Judgment and affirm the determination to sustain the filing of the lien.

To reflect the foregoing,

*An appropriate order will be issued.*